IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02395-CMA-KLM

ALEX ANDRION,

    Plaintiff,

v.

RENAISSANCE MEMORY CARE, LLC,
SAFE AT HOME RESIDENCES, LLC,
ASHLEY FYFE, and
KENAN FYFE,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Dismiss Without Prejudice** [#31][1] (the "Motion"). The Motion [#31] has been referred to the undersigned for a recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.L.CivR 72.1(c). *See* [#32]. No Response has been filed. For the reasons set forth below, the Court recommends that the Motion [#31] be **GRANTED**.

    In the Motion [#31], Plaintiff seeks to dismiss this case without prejudice pursuant to Fed. R. Civ. P 41(a)(2). That rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P 41(a)(2). Voluntary dismissals pursuant to Fed.R.Civ.P. 41(a)(2) "are committed to

---

[1] "[#31]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

the sound discretion of the Court." *Eighth Dist. Elec. Pension Fund v. Ludvik Elec. Co.*, No. 06-cv-1299-WDM-MEH, 2007 WL 496687, at *1 (D. Colo. Feb. 12, 2007). "Absent prejudice to the defendant[s], the court normally should grant such a request for dismissal." *Carter v. Noodles & Co.*, No. 16-CV-00319-CMA-KMT, 2016 WL 3636833, at *2 (D. Colo. June 29, 2016) (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). Relevant factors to consider when assessing legal prejudice include insufficient explanation of the need for a dismissal; the opposing parties' effort and expense in preparing for trial; the present stage of the litigation; and excessive delay and lack of diligence on the part of the movant. *Id.* (quoting *Ohlander*, 114 F.3d at 1537).

Plaintiff states that he has elected to move for dismissal because "Defendants have declined to continue participating in this litigation." *Motion* [#31] at 1. As Plaintiff correctly observes, the Court granted Defendants' counsel's Motion to Withdraw as Counsel of Record [#22] on June 18, 2018. *Minute Order* [#24]. In doing so, the Court ordered Defendants Ashley Fyfe and Kenan Fyfe to confirm their mailing addresses, e-mail addresses, and telephone numbers on or before June 25, 2018. *Id.* at 2. The Court also ordered Defendants Renaissance Memory Care, LLC and Safe at Home Residences, LLC to comply with D.C.COLO.LAttyR 5(b) by having new counsel enter an appearance on or before July 18, 2018. *Id.* Since the date of that Minute Order [#24], Defendants have failed to comply with either order and have not made any other filings in this case.[2]

As indicated in Plaintiff's Status Report [#30], filed on August 16, 2018, Plaintiff's

---

[2] Attorney Michael Poindexter entered an appearance on behalf of Defendant Kenan Frye on September 4, 2018. *See* [#33]. Since that time, however, the Court has not received any filing or communication from Defendant Kenan Frye.

counsel is clearly aware of the methods available for proceeding with the litigation and obtaining a default judgment under the Federal Rules of Civil Procedure. Nevertheless, Plaintiff has voluntarily chosen to request dismissal of his case and the Court finds no reason to deny Plaintiff of this request. Despite the late stage of this litigation, it does not appear that Plaintiff has acted with excessive delay or with a lack of diligence. Plaintiff filed the present Motion [#31] on August 23, 2018, shortly after Defendants ceased participation in this case by failing to comply with the Court's Minute Order [#24] of June 18, 2018. For these reasons, and in the absence of any argument to the contrary, the Court concludes that dismissing this case without prejudice would not cause legal prejudice to Defendants. Accordingly,

The Court respectfully **RECOMMENDS** that Plaintiff's Motion to Dismiss [#31] be **GRANTED**, and that this action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(2).

THE COURT FURTHER **RECOMMENDS** that taxable costs of this action be determined by the Clerk as provided by D.C.COLO.LCivR 54.1, and that payment of such costs be a condition to Plaintiff filing a future action based on or including the same claims against the same Defendants, pursuant to Fed. R. Civ. P. 41(d).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 6, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge